John T. **MANNING** and all similarly situated and affected, Plaintiffs-Appellants,

v.

The **UNIVERSITY OF NOTRE DAME DU LAC**, Defendant-Appellee.

**No. 7-7.**

Temporary Emergency Court of Appeals.
Sept. 19, 1973.

**502**

M. Daniel Friedland, Eskenazi, Mitchell & Yosha, Indianapolis, Ind., for plaintiffs-appellants.

Philip J. Faccenda, Notre Dame, Ind., Louis C. Chapleau, Chapleau, Roper, McInerny & Farabaugh, South Bend, Ind., for defendant-appellee.

Before TAMM, Chief Judge, and CHRISTENSEN and ESTES, Judges.

CHRISTENSEN, Judge.

This case presents a procedural question related to, but not reached in, our treatment of substantive problems in University of Southern Cal. v. Cost of Living Council, 472 F.2d 1065 (Em. App.1972), cert. denied, 410 U.S. 928, 93 S.Ct. 1364, 35 L.Ed.2d 590 (1973).

The action now before us was commenced by the appellant John T. Manning for himself, "and all others similarly situated and affected", against the University of Notre Dame Du Lac, appellee, by the filing of a complaint in the United States District Court for the Northern District of Indiana, South Bend Division, in reliance upon the Economic Stabilization Act Amendments of 1971 § 210, 85 Stat. 743 (1971), 12 U.S. C.A. § 1904 note (1973 Supp.), to recover overcharges on football tickets that violated Executive Order No. 11615 of August 15, 1971, 3 C.F.R. 199 (1971), establishing a 90 day price "freeze". The University moved for dismissal pursuant to Rule 12(b)(6) Fed.R.Civ.P., for alleged failure of plaintiff to state a claim upon which relief could be granted. The district court granted this motion by reason of the failure of the complaint, and apparent inability of the plaintiff, to factually allege that the "overcharge" by the University had been "willful", or, in the alternative, that he had made demand upon the University for refund. The theory of the appellant is that having alleged the failure to refund the overcharge to be willful, and that an order by the Cost of Living Council for return of the overcharge remained uncomplied with, the conduct of the appellee was shown to have been sufficiently "willful" to meet statutory requirements for enforcement of a refund.

Jurisdiction and liability depend upon the framework of § 210:

"§ 210. Suits for damages or other relief.

"(a) Any person suffering legal wrong because of any act or practice arising out of this title, or any order or regulation issued pursuant thereto, may bring an action in a district court of the United States, without regard to the amount in controversy, for appropriate relief, including an action for a declaratory judgment, writ of injunction (subject to the limitations in Section 211), and/or damages.

"(b) In any action brought under Subsection (a) against any person renting property or selling goods or services who is found to have overcharged the plaintiff, the court may,

in its discretion, award the plaintiff reasonable attorney's fees and costs, plus whichever of the following sums is greater:

"(1) an amount not more than three times the amount of the overcharges upon which the action is based, or

"(2) not less than $100 or more than $1,000;

except that in any case where the defendant establishes that the overcharge was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to the avoidance of such error the liability of the defendant shall be limited to the amount of the overcharge: Provided, That where the overcharge is not willful within the meaning of Section 208(a) of this title, no action for an overcharge may be brought by or on behalf of any person unless such person has first presented to the seller or renter a bona fide claim for refund of the overcharge and has not received repayment of such overcharge within ninety days from the date of the presentation of such claim.

"(c) For the purposes of this section, the term 'overcharge' means the amount by which the consideration for the rental of property or the sale of goods or services exceeds the applicable ceiling under regulations or orders issued under this title."

In University of Southern Cal. v. Cost of Living Council, *supra*, this court held in substance that the price of a ticket to a college football game played within the ninety day freeze period was subject thereto even though the advance sale may have occurred prior to its announcement, since the playing of the game constituted the "transaction" referred to in the Executive Order and the analogous "service" mentioned in agency regulations. But appellant was entitled to recovery of any overcharge not "willful" within the meaning of the Act if, and only if, he made a showing that he had first presented to the seller a bona fide claim for refund and had not received payment of such overcharge within ninety days from the date of presentation.

■ Appellant argues that since advance sale prices of the tickets were controlled even though collected before the freeze, a willful failure to refund the excess collected could be deemed unlawful; that the failure to refund was willful and that therefore the "overcharge" should be deemed so for the purposes of § 210(b), and that, in any event, appellee's failure to comply with the alleged order of the Cost of Living Council that refunds be made was a "legal wrong" for which appellant was authorized to institute suit by the terms of Section 210(a). Such contentions, however, ignore the clear language of the statute, its legislative history, and its obvious purpose. In our opinion the trial court was correct in rejecting them.

While the "service" within the contemplation of *University of Southern Cal.* was rendered as of the time the game was played, the "overcharge" was made by Notre Dame before the freeze. Even though it were considered that the overcharge were made at the time the game was played, it would have occurred long before the filing of our opinion in *University of Southern Cal.* when the University officials were concededly acting in good faith, no allegation appearing in the complaint to the contrary. This good faith would not have protected them had a request for refund been made, but did render mandatory such a request by a buyer, and the expiration of the prescribed time without repayment of the overcharge, before he could enforce return of the excess or related relief through individual suit.

■ The Act clearly reveals in this context that the term "willful overcharge" must be construed in the crimi-

nal sense.[1] The overcharge not having been made in that sense, a request for refund was an essential condition to recovery, not rendered any less so by the University's suggestion that its "loyal alumni" should request a refund if they did not desire to make a "contribution".[2] Failure to make a refund without request could not be parlayed into a "willful overcharge" when the overcharge was not in fact willful without destroying the differentiation which the Act clearly draws.

We find less than convincing the argument, finally pressed in appellant's reply brief, that we should overlook the wording of Section 210(b)(2) on the theory that having "suffered legal wrong" appellant can recover by virtue of Section 210(a). But this latter provision, which afforded the lower court jurisdiction to consider the claim, did not abrogate the requirements for that claim's validity and, indeed, explicitly limits relief to that which was "appropriate". Nor does *University of Southern Cal.* in any way militate against this construction. The opinion does refer, 472 F.2d at 1070, to "(t)he power of the district court to order a refund in the proper situation" as being evident. The situation here is that the complaint simply did not invoke the exercise of such power, appellant conceding that at the time of the overcharge the appellee was acting in good faith, and the agency not having brought the action.[3]

Affirmed.

---

1. Section 210(b)(2), *supra*, among other things, states that " . . . where the overcharge is not willful within the meaning of Section 208(a) of this Act, no action for an overcharge may be brought by or on behalf of any person unless such person has first presented . . . a bona fide claim for refund. . . ." Section 208 reads:

"§ 208. Sanctions; criminal fine and civil penalty

"(a) Whoever willfully violates any order or regulation under this title shall be fined not more than $5000 for each violation.

"(b) Whoever violates any order or regulation under this title shall be subject to a civil penalty of not more than $2,500.00 for each violation."

In view of this language, resort to legislative history seems unnecessary; but for further clarification to the same effect see Conference Report No. 92–753, Ninety-Second Congress, First Session, U.S.Code Cong. & Adm.News, pp. 2307, 2310.

2. We gather from his trial brief that in appellant's view cause for indignation was superimposed upon sensed deprivation by the University's letter inviting loyal alumni to make the amount they would be entitled to receive by refund a contribution to the University, stating "if you desire a refund please write the football ticket committee, University of Notre Dame, Notre Dame, Indiana, 46556, prior to December 15, 1971 . . ." and that "unless you request a refund prior to December 15, 1971, we will assume that you have elected to make a contribution to the University."

3. "Section 205 of the Act, in addition to providing for a permanent or temporary injunction or restraining order, also stated that '(u)pon application of the agency, any such court may also issue mandatory injunctions commanding any person to comply with any regulation or order under this title'. The power to issue mandatory injunctions includes the power to order restitution or refund. . . ." [Emphasis added] *University of Southern Cal.*, 472 F.2d at 1070.