Joseph STERTZ and Louis De Nicola, et al., on their behalf and as representatives of all purchasers of oil and petroleum products from the Defendants, Plaintiffs,

v.

GULF OIL CORPORATION, Defendant,

James Schlesinger, Secretary of the Department of Energy, As Stakeholder.

No. 78 Civ. 1813.

United States District Court,
E.D. New York.

Aug. 17, 1983.

Banks Brown, Lord, Day & Lord, New York City, for defendant.

Douglas P. Null, Null & Null, P.C., Westbury, N.Y., for plaintiffs.

Jerry S. Cohen, Kohn, Milstein, Cohen & Hausfeld, Washington, D.C., Asst. U.S. Atty. Ben Wiles, E.D.N.Y., Brooklyn, N.Y., for stakeholder.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

On August 4, 1982, this Court certified a class in this case consisting of "all those direct purchasers of refined petroleum products from Gulf during the period 1973–75, except consumer credit card purchasers of gasoline and gasoline products and purchasers through Gulf consignees and Gulf-owned gas stations." *Stertz v. Gulf Oil Corp.*, 95 F.R.D. 116, 117 (E.D.N.Y.1982). By the instant motion, Gulf urges that class certification should be reconsidered in light of Judge Edward N. Cahn's recent opinion in *Bello v. Power Test Corp.*, 100 F.R.D. 1 (1982). Based upon *Bello,* Gulf now argues that class certification is inappropriate here because individual rather than common questions of fact predominate. Gulf argues in the alternative, also based upon *Bello,* that any class certified should be limited to claims for willful overcharges. Because I am now convinced that individual questions of fact so predominate this case that a class action is not a superior means of adjudicating the controversy, it is unnecessary to reach this second argument. For the reasons that follow, the class previously certified is hereby decertified.[1]

*Discussion*

### I.

In order to establish the right to recover under § 210(b) of the Economic Stabilization Act ("ESA"), the plaintiffs in this case must prove an "overcharge." Section 210(c) defines an overcharge as "the amount by which the consideration for ... the sale of goods or services exceeds the applicable ceiling under regulations or orders issued under this title." Determination of the applicable "ceiling" is a convoluted procedure involving a myriad of factors. *See* 10 C.F.R. § 212.83. Especially troublesome is the fact that ceiling price is governed by "class of purchaser," *see* 10 C.F.R. § 212.83(a), a determination which likewise involves a multitude of highly individualized factors. *See* Ruling 1975–2, 40 Fed.Reg. 10655 (March 7, 1975).

---

1. Under the Federal Rules, this Court is free to reconsider class certification at any time. Fed. R.Civ.P. 23(c)(1). Indeed, my order initially certifying the class expressly noted this possibility. *Id.* at 122.

■ What becomes clear through this statutory and regulatory maze is that establishment of an overstatement of costs, the only common question involved here, see *Stertz v. Gulf Oil Corp., supra,* at 121, does not alone create a right to recover under § 210(b). Even if an overstatement of costs is established, the applicable ceiling price for each customer involved must still be computed in order to determine if the price charged was in fact unlawful. *See Longview Refining Co. v. Shore,* 554 F.2d 1006, 1017–18 (Em.App.1977), *cert. denied,* 434 U.S. 836, 98 S.Ct. 126, 54 L.Ed.2d 98 (1978) ("the price actually charged (however arrived at) may be below the ceiling price, so a plaintiff would suffer no legal wrong entitling him to relief under § 210 of the Stabilization Act"). Since computation of this ceiling price will involve the court in a morass of individual determinations, retaining class action certification here would be unmanageable. *See* Fed.R.Civ.P. 23(b)(3); *Bello v. Power Test Corp., supra.* I therefore find that a class action would not be a superior means of adjudicating the plaintiffs' claims under § 210(b).

## II.

Plaintiffs, implicitly conceding that class certification under § 210(b) here would be improper, seek to avoid decertification by now arguing that § 210(b) is irrelevant to their action. Plaintiffs instead argue that their cause of action is predicated on § 210(a) of the ESA. Plaintiffs urge that recovery under § 210(a) is not dependent on the calculation of ceiling price, and therefore will not enmesh the Court in an array of individual factual questions. I find this argument unpersuasive.

Section 210(a) provides:

(a) Any person suffering legal wrong because of any act or practice arising out of this title, or any order or regulations issued pursuant thereto, may bring an action in a district court of the United States, without regard to the amount in controversy, for appropriate relief, including an action for a declaratory judgment, writ of injunction (subject to the limitations in section 211) and/or damages.

■ Plaintiffs contend that if overstated costs were passed through by Gulf to plaintiffs they would be entitled to recover under § 210(a), since they would have suffered "legal wrong" because of Gulf's actions. What the plaintiffs fail to acknowledge, however, is that § 210(a) is purely a jurisdictional grant, and does not create an independent class of "legal wrongs." *See Manning v. University of Notre Dame du Lac,* 484 F.2d 501, 504 (Em.App.1973). (Section 210(a) is jurisdictional, and does not abrogate the requirements of § 210(b)); *Arnson v. General Motors Corp.,* 377 F.Supp. 209, 212 (N.D.Ohio 1974) ("[Section] 210(b) provides the substantive remedy for a damage action involving illegal price overcharges on sales of goods, and no other remedy arises solely by reason of subsection (a), which is solely jurisdictional"). Indeed, in *Newman Oil Co. v. Atlantic Richfield Co.,* 597 F.2d 275 (Em.App.), *cert. denied,* 444 U.S. 842, 100 S.Ct. 84, 62 L.Ed.2d 55 (1979), the only case cited by plaintiffs in support of their theory, the court held merely that § 210(a) would provide a jurisdictional grant for the district court to hear a claim of fraud in inducing a party to forego his rights under the Emergency Petroleum Allocation Act of 1973.[2] Thus, the court in *Newman* did not suggest that § 210(a) created a new category of legal wrongs entitling aggrieved parties to relief.

■ Further, even if the plaintiffs' theory regarding § 210(a) were accepted here, class certification would be inappropriate. This is because plaintiffs would still have to prove on an individual basis that these overstated costs were in fact passed through on products they purchased. Since the regulations did not require the refiners to pass through additional costs, but merely permitted them to do so, *see* 10 C.F.R. § 212.83(h);

**2.** This Act by its terms adopted the provision for damage or other relief of the ESA. *New-*

*man, supra,* 597 F.2d at 279.

*McWhirter Distributing Co., Inc. v. Texaco, Inc.,* 668 F.2d 511, 517, 520 (Em.App.1981), this proof would have to be made on an individual basis. Such an individual calculation would be unmanageable in a class of this magnitude.

For the foregoing reasons, the defendant's motion for reconsideration is granted, and the class is decertified. Fed.R.Civ.P. 23(c)(1).

SO ORDERED.